UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CV-60143-ALTONAGA

CRITICAL RF, INC., a
Florida corporation and
MARITIME COMMUNICATIONS/
LAND MOBILE, LLC.,
a Delaware Corporation

    Plaintiffs,

vs.

STEPHEN and
CRITICALRFDIRECT.COM, LLC,
a Florida limited liability company,

    Defendants.
_____/

## MOTION TO RECOVER AGAINST SURETY BOND

Defendants Stephen Calabrese ("Calabrese") and CriticalDirectRF.Com, LLC, ("CDRF"), by and through undersigned counsel, hereby file this Motion to Recover Against Surety Bond and state in support:

1. This Court issued a Temporary Injunction on January 24, 2011, enjoining Defendants from:

    a. Initiating any further solicitation or contact with any clients of Critical RF and Maritime;

    b. Infringing, expressly or by implication, on the Critical RF, Inc. name and the Critical RF Mark, including but not limited to, representing their ownership of and/or interests in either Critical RF, Inc. or the Critical RF Mark in any marketing material or in the sale or distribution of any product;

    c. Infringing, expressly or by implication, on the iWalkie® name and trademark including, but not limited to, representing their ownership of and/or interest in iWalkie® or the name iWalkie® or using the iWalkie® name or infringing, by representing their ownership of, or interest in, or using these other Critical RF Marks; Planet-wide PTT for PC & Mac (Virtual Base Station); LMR/SMR Linking & Backhaul (SiteCAST & PackeTUBE); Interoperability for LAW/EMS/FIRE/MIL (SafetyNET & SiteCAST); Worldwide PTToIP Enterprise Server (CS products) (collectively the "Products") in any marketing material or in the sale or distribution of any product;

    d. Utilizing the name CriticalRFDirect in the promotion and sale of products or services;

    e. Misrepresenting, expressly or by implication, the nature of their products, including but not limited to representing their ownership of and/or interests in Radio over Internet Protocol ("RoIP") interoperability solutions, including iWalkie® (or any other of the Critical RF Products) and their right to market, sell, and/or distribute the Products, including any source code;

    f. Providing others with the means and instrumentalities with which to make, expressly or by implication, orally or in writing, any false or misleading statement or representation of material fact regarding the ownership and/or quality of the Products.

    g. Operating any websites using the domain name www.criticalrfdirect.com or any other derivative of the Critical RF, Inc.'s common law trademark "Critical RF", Critical RF Mark or Products, which would cause consumers' confusion as to the source of such domain name and/or Products;

h. Being or becoming employed by, consulting for, or otherwise being associated with any competitive service provider in the two way radio industry or any two way radio manufacturer, in the same capacity for which the individual Defendant provided services to Plaintiff, including without limitation Defendant CriticalRFDirect.com, LLC;

i. Entering into a technical consulting contract that will conflict with the specific interests of the Plaintiffs;

j. Soliciting, hiring, or retaining, as an employee or independent contractor any employee or former employee of Plaintiffs.

k. Misappropriating Plaintiff Critical RF's confidential business information, proprietary products, trade names or trademarks, patents or other protected materials including, but not limited to, intellectual property, proprietary information, business plans, customer lists, financial statements, or other materials pertaining to Critical RF's business as a designer and manufacturer of RoIP products;

l. Using or disclosing Plaintiff Critical RF's valuable and confidential business information, proprietary products, trade names or trademarks, patents or other protected materials;

m. Disclosing any trade secrets and/or processes belonging to Critical RF, Inc., including but not limited to the processes related to iWalkie®, SiteCAST, SafetyNET and Virtual Base Station and/or any other Product or valuable and confidential business information, proprietary products, trade names or trademarks, patents or other protected materials;

    b) Destroying, erasing, mutilating, concealing, altering, transferring, writing over, or otherwise disposing of, directly or indirectly and in any manner, any documents or records of any kind that relate to the Critical RF name, trademark, and/or Products, advertisements (including, but not limited to, advertisements placed on the World Wide Web or Internet).

2. As part of the Order Granting Temporary Injunction, the Court required Plaintiffs to post a bond in the amount of $100,000 to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

3. The Temporary Injunction expired on February 7, 2011

4. Defendants, believing that Plaintiffs would continue their efforts to obtain a permanent injunction, continued to operate under the mandates of the injunction.

5. The parties entered into arbitration on or about February, 2011.

6. Plaintiff Maritime Communications/ Land Mobile, LLC filed a Voluntary Petition for Chapter 11 Bankruptcy on August 1, 2011 in the United States Bankruptcy Court for the Northern District of Mississippi.

7. The Arbitrator issued an Order on August 31, 2011 resulting in a stay of the arbitration until Plaintiff's bankruptcy proceedings were resolved.

8. Defendants are unable to continue towards a resolution of this matter via arbitration.

9. The injunction caused damages to Defendants, with no means to resolve them. Defendants have incurred legal fees in the amount of $14,100 to Defendants' prior counsel, Koch, Parafinczuk & Wolf; legal fees in the excess of $28,500 to Defendant's current counsel,

Garrity-Weiss, P.A.; and lost business earnings in the amount of at least $75,000.  Defendants have incurred damages in excess of $100,000.

10. It has long been stated in Florida case law that a bankruptcy trustee can only recover property that the bankrupt party could have controlled personally, and that transferability determines whether property becomes an asset to the trustee.  <u>In re Goldsby</u>, 51 F. Supp. 849, 850 (S.D. Fla. 1943).  The $100,000 bond was not under the control of Plaintiffs when they filed for bankruptcy, and is thus not under the control of the trustee in bankruptcy for Plaintiff's bankruptcy estate.

11. Therefore, Defendants should be awarded the $100,000 bond to alleviate the damages incurred as a result of the Injunction.

WHEREFORE, Defendants ask that this Court enter an Order granting this motion, awarding attorney's fees and costs and awarding all other relief which is just and proper.

Dated: <u>February 7, 2012</u>

           s/ JOSEPH D. GARRITY
           Joseph D. Garrity, Esq. (Fla. Bar. 87531)
           jgarrity@gwlawfirm.net
           Suzanne Weiss, Esq. (Fla. Bar No. 122781)
           sweiss@gwlawfirm.net
           Garrity-Weiss, PA
           1002 E. Newport Center Dr., Ste. 102
           Deerfield Beach, FL  33442
           (954) 570-6616 Tel.
           (954) 570-6618 Fax
           *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 7, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> s/ JOSEPH D. GARRITY
> Joseph D. Garrity, Esq.
> Florida Bar No. 87531
> jgarrity@gwlawfirm.net

## **SERVICE LIST**

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA
CRITICAL RF, INC. v. CALABRESE
CASE NO.: 11-CV-60143-ALTONAGA

**Rebecca Faith Bratter**
Email: Rebecca.Bratter@gmlaw.com
**Richard Wayne Epstein**
Email: richard.epstein@gmlaw.com
Greenspoon Marder, P.A.
100 W Cypress Creek Road
Suite 700
Fort Lauderdale, FL 33309
954-491-1120
Fax: 954-343-6952
*Attorneys for Plaintiffs*
Notification of electronic filing generated by CM/ECF